**JIN XING OU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1472–AG.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Peter Lobel, New York, New Yor, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Dimitri N. Rocha, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Present REENA RAGGI, RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jin Xing Ou, a native and citizen of the People's Republic of China, seeks review of a March 19, 2007 order of the BIA affirming the August 10, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Xing Ou,* No. A97 954 548 (B.I.A. Mar. 19, 2007), *aff'g* No. A97 954 548 (Immig. Ct. N.Y. City Aug. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). However, when the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). Here, the BIA affirmed the IJ's ultimate findings but did so for materially different reasons. Accordingly, the BIA's decision forms the basis of our review. *See Yan Chen,* 417 F.3d at 271.

The agency's finding that Ou failed to establish a well-founded fear of persecution based on his illegal departure is supported by substantial evidence. The BIA found that the background materials Ou submitted did not show that the Chinese government's enforcement of the exit control laws amounts to persecution or torture, given that the 2004 Department of State Profile of Asylum Claims Profile ("Profile") indicates that in most cases, returnees are detained only "long enough for relatives to arrange their travel home." *Id.* Ou argues that the BIA committed legal error in failing to consider evidence contrary to the Profile. In support of his

argument, Ou points to the 2004 State Department Country Report on Human Rights Practices in China ("Country Report"), but that report does not indicate that individuals imprisoned due to their illegal departure are persecuted or tortured. Thus, we presume that the agency took all of the record evidence into account because the record does not compellingly suggest otherwise. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006).

Ou also argues that because he left China due to his opposition to the family planning policy and limits on freedom of expression (i.e., for political reasons), the incarceration he faces for his illegal departure constitutes persecution. We find this argument unavailing. Ou relies on the Third Circuit's decision in *Chang v. INS,* 119 F.3d 1055 (3d Cir.1997), which found that the Chinese exit control law at issue "establish[ed] the requisite [political] motive" of the Chinese government where a Human Rights Watch Report observed that the " 'principal objective' " of the law was to " 'frighten dissidents into halting their activities.' " *Id.* at 1064–65. The *Chang* court also found that even if the law itself was insufficient to establish the requisite nexus, "Chang's unique situation compels the realization that the state's motive is, in part, political" where Chang was the head of a state-owned technology company's delegation to the U.S., had access to state secrets, had contact with the FBI, and had failed to report the misconduct of other delegates as he was instructed to do. *Id.* at 1065, 1057–58.

■ Here, even were we to find *Chang* persuasive, it would be unavailing because Ou has failed to establish that, like the petitioner in *Chang,* he manifested his opposition to Chinese policy. Moreover, both this Court and the BIA have held that merely because a country may punish a citizen for his illegal departure does not

generally qualify that applicant for refugee protection. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992), *Matter of Sibrun,* 18 I & N Dec. 354, 359 (BIA 1983). Accordingly, substantial evidence supports the agency's denial of Ou's claims for asylum and withholding of removal.

■ Likewise, we find that substantial evidence supports the agency's denial of Ou's CAT claim, which is also based on his illegal departure from China. We have held that without any particularized evidence, an applicant cannot demonstrate that he or she is more likely than not to be tortured "based solely on the fact that [he or she] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 117(2d Cir. Sept.11, 2007). Here, Ou provided no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of excessive punishment. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Although Ou testified that neighbors had been imprisoned for four to five years for illegally departing China, he did not point to any particular similarities between his neighbors' circumstances and his situation. *See Mu Xiang Lin,* 432 F.3d at 160. Accordingly, substantial evidence supports the agency's conclusion that Ou failed to meet the high burden of proof for her CAT claim. *See Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).